# EXHIBIT 1

| NO. _____ | JEFFERSON CIRCUIT COURT |
|---|---|
| | DIVISION _____ ( ) |
| | JUDGE _____ |

**DARRELL SMITH**

-and-

**LINDA SMITH**                                                     **PLAINTIFFS**

v.                     **COMPLAINT**
*ELECTRONICALLY FILED*

**ALEXANDER H. BROWN**                   **DEFENDANTS**
520 WADE ROAD
OWENS CROSS ROADS, ALABAMA 35763

-and-

**THE STANDARD FIRE INSURANCE COMPANY**
ONE TOWER SQUARE
HARTFORD, CONNETICUT 06183

    Serve:   CORPORATION COMPANY
                 421 WEST MAIN STREET
                 FRANKFORT, KENTUCKY 40601

                              \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Come Plaintiffs, Darrell Smith and Linda Smith, by and through counsel, and for their Complaint and causes of action against Defendants, Alexander H. Brown and The Standard Fire Insurance Company, and each of them, hereby states as follows:

## FACTS

1. Plaintiff, Darrell Smith is, and was at all times relevant herein, a resident of Simpsonville, Shelby County, Kentucky.

2. Plaintiff, Linda Smith is, and was at all times relevant herein, a resident of Simpsonville, Shelby County, Kentucky.

3. Upon information and belief, Defendant, Alexander H. Brown (Brown), is, and was at all times relevant herein, a resident of Owens Cross Roads, Madison County, Alabama with a mailing address of 520 Wade Road, Owens Cross Roads, Alabama 35763.

4. Defendant, The Standard Fire Insurance Company (Standard), is a limited liability corporation with a principal office address of One Tower Square, Hartford, Connecticut 06183. Standard is doing business, and does business, in the Commonwealth of Kentucky as a property and casualty insurance provider. Per the Kentucky Department of Insurance, its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

5. The incident giving rise to this action occurred in Louisville, Jefferson County, Kentucky, and the damages are in excess of the jurisdictional limits of this Court.

6. That on or about September 2, 2023, Plaintiff Darrell Smith operated his vehicle along River Road in Louisville, Jefferson County, Kentucky with Plaintiff Linda Smith then and there occupying the vehicle as a passenger.

7. That on that date and at the place set forth above, Defendant Brown operated his motorcycle along Captains Quarters Road and negligently and carelessly attempted to make a left turn onto River Road into the Plaintiffs' lane of travel.

8. That on that date and at the place set forth above, Defendant Brown:

   a. negligently and carelessly operated his motorcycle;

   b. negligently and carelessly failed to yield the right of way to Plaintiffs;

   c. negligently and carelessly failed to maintain a proper lookout; and

   d. negligently and carelessly failed to maintain proper control of his motorcycle.

9. As a direct result of his negligence – and only his negligence – Defendant Brown caused a collision with Plaintiffs' vehicle and serious personal injury(ies) to Plaintiffs, respectively.

10. Defendant Brown violated state statutes including, but not limited to, KRS 189.290, KRS 189.330, and KRS 189.380, which were promulgated to protect the safety of a class of people that includes Plaintiffs, and constitutes negligence per se pursuant to KRS 446.070 and Kentucky case law, for which he is directly liable.

11. The negligence of Defendant Brown was a substantial factor in causing the Plaintiffs to suffer property damage to their vehicle, to incur added and unnecessary storage fees, to sustain painful and permanent injuries, to incur medical expenses both past and future, and to incur pain and suffering, both body and mind, from the time of the incident to the present and in the future, all of which are in excess of the minimal jurisdictional limits of this Court.

12. At the time of the collision referred to above, Plaintiffs were insured under a policy or policies of insurance with Defendant Standard that, among other coverages, provided Plaintiffs with uninsured and/or underinsured motorist coverage(s); upon which policy(ies) premiums were paid and which policy(ies) was/were in full force and effect on the date of the collision referred to above. Plaintiffs, respectively, are entitled to pursue uninsured and/or underinsured motorist benefits.

13. Upon information and belief, Defendant Brown was, at the time of the collision referred to above, uninsured and/or underinsured as that term is understood in the applicable policy(ies).

14. Plaintiffs, respectively, obtained medical treatment for injuries sustained in this collision and is/are entitled to basic reparations benefits pursuant to the policy of insurance with Defendant Standard and KRS 304.39 *et seq.,* for which Plaintiffs make their respective demands.

**WHEREFORE**, Plaintiffs, by counsel, demands as follows:

1. That the clerk of this Court issue Summons to Defendants, Alexander H. Brown and The Standard Fire Insurance Company, and each of them, and direct a copy thereof, along with a copy of the Complaint.

2. Judgment against the Defendants, and each of them, in favor of Plaintiffs, in a fair and reasonable amount to compensate Plaintiffs for any and all allowable claims of damages under the laws of the Commonwealth of Kentucky, including basic reparations benefits, as well as all other damages herein alleged;

3. Trial by jury;

4. Costs herein incurred;

5. All just and proper relief to which Plaintiffs may appear entitled, including the right to amend this Complaint.

Respectfully submitted,

*/s/ T. Paul Chumbley*
T. Paul Chumbley
**MORGAN & MORGAN, Kentucky**
209 East Main Street, 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 912-5955
Facsimile: (502) 912-6455
pchumbley@forthepeople.com
*Counsel for Plaintiffs*

CASE NO. 24-CI-007743                        JEFFERSON CIRCUIT COURT
                                                                                    DIVISION TWELVE (12)
                                                               JUDGE SUSAN SCHULTZ GIBSON

*Electronically Filed*

DARRELL SMITH and
LINDA SMITH                                                                                     PLAINTIFFS

v.    **DEFENDANT, THE STANDARD FIRE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT AND CROSS-CLAIM AGAINST DEFENDANT, ALEXANDER H. BROWN**

ALEXANDER H. BROWN and
THE STANDARD FIRE INSURANCE COMPANY            DEFENDANTS

\* \* \* \* \*

Comes the Defendant, The Standard Fire Insurance Company (hereinafter "Standard Fire"), by counsel, and for its Answer to Plaintiffs' Complaint, hereby states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against Standard Fire, either in whole or in part, upon which relief can be granted.

**SECOND DEFENSE**

1.     Standard Fire is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore denies same.

2.     Standard Fire is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore denies same.

3. Standard Fire is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore denies same.

4. Standard Fire admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. The allegations contained in Paragraph 5 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Standard Fire admits that the subject accident occurred in Louisville, Jefferson County, Kentucky. The remaining allegations are denied.

6. Standard Fire is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint and therefore denies same.

7. The allegations contained in Paragraph 7 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Standard Fire denies the allegations against it contained therein.

8. The allegations contained in Paragraph 8 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Standard Fire denies the allegations against it contained therein.

9. The allegations contained in Paragraph 9 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Standard Fire denies the allegations against it contained therein.

10. The allegations contained in Paragraph 10 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Standard Fire denies the allegations against it contained therein.

11. The allegations contained in Paragraph 11 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Standard Fire denies the allegations against it contained therein.

12. Standard Fire denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint as stated. However, Standard Fire admits that it issued a policy of insurance to Plaintiff, Darrell Smith, that included uninsured and underinsured motorist coverage (Policy No.: 6128075962031); the terms and conditions of which speak for themselves.

13. The allegations contained in Paragraph 13 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Standard Fire denies the allegations contained therein.

14. The allegations contained in Paragraph 14 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Standard Fire denies the allegations contained therein.

15. Any and all other allegations in Plaintiffs' Complaint which are not specifically admitted herein are denied.

### THIRD DEFENSE

Plaintiffs' injuries and/or damages, if any, may have been caused in whole or in part by their own negligence and/or the negligence of a third party for whom Standard Fire is not responsible, but for which said injuries and/or damages, if any, would not have occurred.

## FOURTH DEFENSE

Plaintiffs' claims may be barred in whole or in part by KRS 304.39-010 *et seq.*, otherwise known as the Kentucky Motor Vehicle Reparations Act, which Standard Fire adopts and incorporates herein as an affirmative defense.

## FIFTH DEFENSE

Plaintiffs may have failed to name indispensable parties to this action and Standard Fire relies upon same as an affirmative defense.

## SIXTH DEFENSE

Plaintiffs' claims may be barred in whole or in part by the terms, provisions, conditions and/or exclusions contained within the insurance policy issued by Standard Fire and Standard Fire relies upon same as an affirmative defense.

## SEVENTH DEFENSE

Standard Fire provisionally pleads as affirmative defenses those defenses of CR 8.03 as if fully restated herein, said defenses applicability to be determined during discovery and Standard Fire reserves the right to assert additional defenses, whether affirmative or otherwise about which it presently lacks sufficient knowledge or information but which may become available during the course of this litigation through discovery and other means.

**DEFENDANT, THE STANDARD FIRE INSURANCE COMPANY'S CROSS-CLAIM AGAINST DEFENDANT, ALEXANDER H. BROWN**

Comes the Defendant, The Standard Fire Insurance Company (hereinafter "Standard Fire"), by counsel, and for its Cross-Claim against Defendant, Alexander H. Brown, hereby states as follows:

1.	Plaintiffs, Darrell Smith and Linda Smith, have filed a Complaint in which they allege injuries and damages as a result of a motor vehicle accident, which occurred on or about September 2, 2023 in Louisville, Jefferson County, Kentucky.

2.	Plaintiffs allege in the Complaint that at the time of the subject accident they were insured under a policy of insurance issued by Standard Fire, which included uninsured and underinsured motorist coverage.

3.	Plaintiffs allege in the Complaint that Defendant, Alexander H. Brown, negligently and carelessly operated his motorcycle so as to cause a collision with Plaintiffs' vehicle, and that as a result of his negligence, Plaintiffs sustained injuries and damages which exceed the jurisdictional limits of this court.

4.	Plaintiffs further allege in the Complaint that Defendant, Alexander H. Brown, was an uninsured/underinsured motorist, and, therefore, Plaintiffs have now asserted claims against Standard Fire claiming that they have the right to payments under Standard Fire's policy upon a finding of liability against Alexander H. Brown.

5.	Should it be determined that Alexander H. Brown caused or contributed to the accident and the injuries allegedly sustained by Plaintiffs, and a judgment is awarded against Standard Fire for any sum or sums of money for which Mr. Brown was uninsured/underinsured, the judgment should be awarded in favor of Standard Fire as against Alexander H. Brown for any amounts it is caused to pay to Plaintiffs under the terms of any applicable uninsured/underinsured motorists coverage.

6.	Therefore, pursuant to the terms of its policy, KRS 304.20-020 and other relevant Kentucky law, the Defendant/Cross-Claimant, Standard Fire, is entitled to and does now assert its right of subrogation, indemnity and/or contribution against the

Defendant, Alexander H. Brown, for any and all amounts it may hereinafter be caused to pay under its policy of motor vehicle insurance, if any, which would afford uninsured/underinsured motorists coverage to Plaintiffs as described above.

WHEREFORE, the Defendant, The Standard Fire Insurance Company, by counsel, respectfully demands as follow:

1. That Plaintiffs' Complaint against it be dismissed *with prejudice*;

2. For its costs herein expended, including reasonable attorney's fees;

3. For a judgment in its favor on its Cross-Claim against Defendant, Alexander H. Brown;

4. For a trial by jury on all issues so triable; and

5. For any and all other relief, legal or equitable, to which it may appear entitled.

    Respectfully submitted,

    BARNES MALONEY PLLC

    */s/ Blake V. Edwards*

    _____
    Blake V. Edwards, Esq.
    Daniel I. Wenig, Esq.
    401 West Main Street, Suite 1600
    Louisville, KY 40202
    PH: (502) 625-1703
    FAX: (502) 779-9348
    bedwards@sbmkylaw.com
    dwenig@sbmkylaw.com
    *Counsel for Defendant,*
    *The Standard Fire Insurance Company*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing has been electronically filed with the Ky. e-Filing system on this 19th day of November, 2024, and notice of same will be sent via electronic mail to the following Counsel of record:

T. Paul Chumbley, Esq.
Morgan & Morgan, Kentucky
209 East Main Street, 4th Floor
Louisville, KY 40202
pchumbley@forthepeople.com
*Counsel for Plaintiff*

This will further certify that a true and correct copy of the foregoing was sent via First-Class U.S. Mail to the following party of record:

Alexander H. Brown
502 Wade Road
Owens Cross Roads, AL 35763
*Defendant*

*/s/ Blake V. Edwards*

BARNES MALONEY PLLC